IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-18-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RICARDO ABDEL, | ) | |
| Defendant. | ) | |

On June 12, 2020, Ricardo Abdel ("Abdel") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum in support [D.E. 50, 51]. On June 29, 2020, the United States responded in opposition [D.E. 52-2]. As explained below, the court denies Abdel's motion.

I.

On March 20, 2019, pursuant to a written plea agreement, Abdel pleaded guilty to using and trafficking in one or more unauthorized access devices and aiding and abetting (count one), and aggravated identity theft and aiding and abetting (count two). See [D.E. 15]. On January 21, 2020, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 19, 40, 44]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Abdel's total offense level to be 19, his criminal history category to be I, and his advisory guideline range to be 30 to 37 months' imprisonment on count one and 24 months' consecutive imprisonment on count two. See [D.E. 44]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Abdel to 24 months' imprisonment on count one and 24 months'

consecutive imprisonment on count two. See [D.E. 43] 3. Abdel did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 2020 WL 7050097, at *6–10 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at *9. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at *6–10; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020)

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

(unpublished).

As for Abdel's request for compassionate relief, Abdel has not exhausted his section 3582 remedies. See [D.E. 50] 17; [D.E. 52-2] 12–20. Specifically, Abdel fails to allege, and nothing in the record suggests, that Abdel submitted a compassionate release request to the BOP. See [D.E. 50] 17; [D.E. 52-2] 12–20. The government has invoked section 3582's exhaustion requirements to challenge Abdel's motion. See [D.E. 52-2] 12–20. Because Abdel failed to submit his compassionate release request to the BOP before moving for a sentence reduction, Abdel has failed to satisfy section 3582's exhaustion requirement, and the court dismisses without prejudice Abdel's motion. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).

Alternatively, even if Abdel did exhaust his administrative remedies, the court denies the request. Abdel seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Abdel cites the COVID-19 pandemic, his obesity, poorly controlled hypertension, asthma, and recurring lower respiratory tract infections. See [D.E. 50] 2, 13–25. He also cites his rehabilitation and release plan. See id.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Abdel states that he has obesity, poorly controlled hypertension, asthma, and recurring lower respiratory tract infections, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Abdel serves his sentence. Accordingly, reducing Abdel's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Abdel's health condition, rehabilitation efforts, and release plan are

5

extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Abdel's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Abdel is 24 years old and engaged in very serious criminal behavior during 2017 and 2018. See PSR [D.E. 19] ¶¶ 7–13. Abdel's offense conduct included access device fraud and identity theft, involved 10 or more victims, and generated an intended loss of $283,000. See id. The offense conduct also involved the possession and use of device-making equipment. See id. Abdel engaged in this behavior despite a good childhood, supportive family, no addictions, and being able to earn money honestly. See id. ¶¶ 25, 28, 30–33. Greed motivated Abdel, and he deserves to be punished.

The court also has considered Abdel's rehabilitation efforts, potential exposure to COVID-19, his medical conditions, and release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Abdel, the section 3553(a) factors, Abdel's arguments, the government's persuasive response, and the need to punish Abdel for his criminal behavior, to incapacitate Abdel, to promote respect for the law, to deter others, and to protect society, the court declines to grant Abdel's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Abdel's request for home confinement, Abdel apparently seeks relief under the

6

CARES Act. See [D.E. 50] 2, 17. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Abdel's request for home confinement.

II.

In sum, the court DENIES Abdel's motion for compassionate release [D.E. 50] and DISMISSES his request for home confinement.

SO ORDERED. This 22 day of December 2020.

JAMES C. DEVER III
United States District Judge

7

Case 7:19-cr-00018-D   Document 58   Filed 12/22/20   Page 7 of 7